UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| HECTOR HUMBERTO BRITO TIGRE, | }<br>}<br>} |
| Petitioner, | }<br>} |
| v. | } Case No.: 4:18-cv-0711-MHH-JEO<br>} |
| SCOTT HASSELL, et al., | }<br>} |
| Respondents. | } |

## MEMORANDUM OPINION

This action is before the Court on the respondents' motion to dismiss. (Doc. 8). On May 6, 2018, Mr. Tigre filed a petition for writ of habeas corpus seeking his release from custody pending his removal to Ecuador. (Doc. 1, pp. 34, 9). In his petition, Mr. Tigre contends that as of May 2018, he had been detained in ICE custody for 17 months. (Doc. 1, p. 4). Respondents ask the Court to dismiss Mr. Tigre's § 2241 habeas petition because United States Immigration and Customs Enforcement released Mr. Tigre from custody on October 26, 2018. (Doc. 8-1, Pitman Decl.).[1]

Because Mr. Tigre has been released from ICE custody, his petition seeking that very relief is moot. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) ("[A] case must be dismissed as moot if the court can no longer provide

---

[1] Mr. Pitman refers to Mr. Tigre as Brito. (Doc. 8-1, p. 1).

'meaningful relief.'"); *see also Spencer v. Kemna*, 523 U.S. 1, 8 (1998) (once a habeas petitioner is released from custody, he must demonstrate collateral consequences to avoid mootness doctrine). Accordingly, by separate order, the Court will grant the motion and dismiss this matter. *Khader v. Holder*, 843 F. Supp. 2d 1202 (N.D. Ala. 2011).

**DONE** this 26th day of November, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE